IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| J. D. LITTLEJOHN, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00743 ) |
| CORE CIVIC, et al., | ) JUDGE CAMPBELL ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff J. D. Littlejohn, III, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, has filed a pro se Complaint for alleged violations of his civil rights under 42 U.S.C. § 1983. (Doc. No. 1.) However, by Order entered November 22, 2021 (Doc. No. 5), the Court found this filing deficient due to Plaintiff's failure to sign his Complaint or to submit either the civil filing fee or an application for leave to proceed in forma pauperis (IFP). The Court directed the Clerk to return the Complaint to Plaintiff for signature, along with a blank IFP application form. The Court warned Plaintiff that if he failed to return his signed Complaint and either pay the fee or file an IFP application within 30 days, this action would be subject to dismissal for failure to prosecute and for failure to comply with the Court's Order. (*Id.* at 2.)

More than 30 days have passed, and while Plaintiff has submitted two IFP applications (Doc. Nos. 6 & 7), he has failed to return his signed Complaint to the Court as ordered.

### I. PAUPER STATUS

Plaintiff's more recent IFP application, filed on December 28, 2021, meets the requirements of 28 U.S.C. § 1915(a) and demonstrates that he lacks sufficient resources to prepay

the filing fee. Accordingly, that application (Doc. No. 7) is **GRANTED**. Plaintiff's earlier IFP application (Doc. No. 6) is **DENIED** as moot.

Under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (A) the average monthly deposits to [Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. *Id.* § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the prison

in which Plaintiff is currently housed to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. UNSIGNED COMPLAINT

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 763–64 (2001). Rule 11(a) further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*; *see also Universal Health Servs., Inc. v. Aetna U.S. Healthcare*, No. CIV.A. 02-914, 2002 WL 32341780, at *1 (E.D. Pa. Dec. 11, 2002) (striking complaint from the record for noncompliance with the signature requirement of Rule 11(a), while noting that such does not constitute an adjudication on the merits).

Although Plaintiff timely responded to the Court's Order that he seek pauper status using a form provided by the Clerk, he has not made any response to the same Order's direction that he sign and return his Complaint. Because Plaintiff has failed to return his signed Complaint after the Court warned him of the requirement that he do so, the Complaint (Doc. No. 1) is **STRICKEN** from the record as required by Rule 11(a).

Furthermore, Plaintiff's failure to comply with the Court's Order to sign his Complaint justifies dismissal of this action under Federal Rule of Civil Procedure 41(b), for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see Williams v. Behav. Serv. of Tennessee, Inc.*, No. 09-2334-STA-TMP, 2010 WL 1332841, at *3 (W.D. Tenn.

Mar. 30, 2010) ("Failure timely to comply with this requirement [to file a signed version of the complaint] will result in the dismissal of the [action] pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute."). "It is clear that the district court [has] the power . . . to enter a sua sponte order of dismissal" under Rule 41(b). *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute").

Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. "Because a Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990), and in view of Plaintiff's pro se status and the general preference for disposing of cases on their merits, the Court finds dismissal without prejudice to be appropriate here. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE